IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              CASE NO. 5:18-CR-50033

LEANDER SHEPARD                                            DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Leander Shepard's *pro se* Motion for
Compassionate Release (Doc. 31).  The Court directed the Government to file a
response, and the Government did so, *see* Doc. 35, along with Mr. Shepard's medical
records (Doc. 34).  Now that the Motion is ripe, the Court finds that it should be **DENIED**
for the reasons discussed below.

### I. BACKGROUND

On December 4, 2018, Mr. Shepard was sentenced after pleading guilty to one
count of possession of more than 50 grams of methamphetamine.  The Court sentenced
him to 87 months imprisonment, four years of supervised release, a fine of $5,900.00,
and a special assessment of $100.00. (Doc. 29).  Mr. Shepard is currently incarcerated
at FCC Forrest City Low and has served approximately 28 months of his sentence.  He
is projected to be released in June 2024.  Mr. Shepard seeks early, compassionate
release asserting that he is at greater risk for serious health issues from a COVID-19
infection because he is sixty-two years old and has high blood pressure. (Doc. 31).

Mr. Shepard's medical records corroborate that he is under treatment for high
blood pressure.  His records also indicate that Mr. Shepard tested positive for COVID-19
in early May 2020. *See* Doc. 34, p. 76.  Mr. Shepard was screened by medical staff more

than twenty times during the month of May and never registered a fever or reported symptoms of COVID-19. *See id.* at p. 83–84.

In his Motion, Mr. Shepard represents that he filed a petition for compassionate release or reduction in sentence ("RIS") with the warden of FCC Forrest City on March 27, 2020. However, he did not provide any documentation to support this assertion. Furthermore, the Bureau of Prisons did not have an internal record of a request for RIS by Mr. Shepard. *See id.* at p. 6. The Government indicates that Mr. Shepard's petition was treated by the warden as a request for release to home confinement, which was rejected on April 16, 2020. (Doc. 35, p. 2). Mr. Shepard filed the instant Motion in this Court on August 11, 2020.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes

2

"extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  *See id.*  Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Application Note 1(B) notes that age may also be a basis for early release if the defendant "(i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less."  Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

The Court's ability to rule on Mr. Shepard's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release—whichever event is sooner.  Here, Mr. Shepard's request, transmitted well over 30 days ago, was construed by the warden as a request for release to home confinement, not compassionate release.  Unfortunately, Mr. Shepard has not provided the Court a copy of his correspondence with the warden's office, so the Court cannot ascertain whether Mr. Shepard or the Bureau of Prisons has misconstrued his petition.

The Court therefore cannot conclude that Mr. Shepard has satisfied the exhaustion requirement and must deny Mr. Shepard the relief that he seeks.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Leander Shepard's *pro se* Motion for Compassionate Release (Doc. 31) is **DENIED.**

**IT IS SO ORDERED** on this ___ day of September, 2020.

                                 _____
                                 TIMOTHY L. BROOKS
                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even if Mr. Shepard were to refile his motion with evidence that he met the exhaustion requirement, the record does not establish extraordinary and compelling reasons justifying his early release. In his Motion, Mr. Shepard relies upon his age and his high blood pressure as extraordinary and compelling reasons for his early release. The Court acknowledges that the Centers for Disease Control and Prevention ("CDC") have indicated that people with high blood pressure may be at increased risk for severe illness from COVID-19. Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). The CDC also indicates that the risk of severe illness from COVID-19 increases with a person's age, with 8 out of 10 COVID-19-related deaths occurring in those aged 65 years and older. *See* Ctrs. for Disease Control and Prevention, Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). Thankfully, Mr. Shepard does not appear to have experienced severe illness as a result of his infection with COVID-19. As noted above, during the period following his positive COVID-19 test, his medical records indicate that Mr. Shepard had no fever and reported no symptoms of COVID-19. Nor does Mr. Shepard allege in his Motion that his medical condition has worsened. Additionally, Mr. Shepard does not meet the requirements for compassionate release due to age alone. Therefore, the Court would not be able to conclude from the record that either Mr. Shepard's age or his medical condition constitutes extraordinary and compelling reasons for early release, even if Mr. Shepard satisfied the exhaustion requirement.